# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

__Marquan Williams__
    *Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __13-30076__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 08 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that _____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__2/8/2013__
*Date*

__/s/ Mona K. Majzoub__
*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Marquan Williams Order of Detention

Defendant is charged by way of criminal complaint with Assisting the Escape of a Federal Prisoner. Defendant appears on a writ from the Wayne County Jail and has been in custody there since November 15, 2012 on a separate matter. Defendant is 21 years old, single with a four year old child, and has no verified employment history. His mother, father and sister live in Detroit. Defendant's brother is incarcerated. Defendant lived with his grandmother until the time of his incarceration, and prior to that lived with his mother.

Defendant's criminal history reflects that at age 16 (2008) he was charged with Felony Stolen Vehicle. At age 10 (2011) Defendant was charged with Felony Weapons. At age 20 (2012) Defendant was charged with Felonious Assault, Felony Discharging a Firearm in a Building, and Felony Firearm. Defendant is scheduled to appear before Judge Lawrence Stuart Talon for a jury trial on that matter on March 14, 2013. Defendant was further charged in 2012 with Felony Obstructing Judiciary or Congress or Legislature or Commission. Defendant has three active warrants for failures to appear in 2012 in 36th District Court.

The nature of the instant charges alone render Defendant a risk of flight. His girlfriend,, Shantell Katrice Pearson, gave a statement implicating Defendant in assisting the escape of Prisoner Rocky Marquez from the Wayne County Jail based upon Defendant's directives to her in carrying out the escape. Specifically she told USMS Control Center that Defendant Williams called her on January 19, 2013 from the Wayne County Jail at about 3:00 pm and and asked her to make several phone calls on behalf of "Taco" /Marquez, which ultimately lead Pearson to receiving a wire transfer from Moneygram in the amount of $2100 from an associate of Marquez. Pearson explained that Defendant Williams was to be paid $1000 for assisting in obtaining a bond for "Taco"/Marquez and $100 was to be put into Defendant's jail account. The remaining $1000 was the bond money for "Taco"/Marquez.

Defendant was interviewed on January 26 and January 28, 2013 by investigators. He stated that he and Marquez were housed in close proximity to each other in the Wayne County Jail and that Defendant Williams passed a document into his cell. At that time Defendant noticed that Marquez had already changed his wristband with a wristband in the name of Rivera. Williams further explained that he was having someone wire his girlfriend, Shantell Pearson, $2100, and that $100 was to be put his Defendant's Wayne County Jail phone account, $1000 was for posting bond for Marquez, and the other $1000 was payment to Defendant Williams because

he succeeded in having his girlfriend, Shantell Pearson, help him bond Marquez out of jail. In other words, Defendant has confessed to knowingly aiding Rocky Marquez escape custody.

The Pretrial Services Report was proffered and it recommends detention based upon Defendant's risk of flight and danger to the community. This Court finds that Defendant, by a preponderance of the evidence poses a risk of flight. This Court also finds by clear and convincing evidence that Defendant is a danger to the community. There is no condition or combination of conditions that would assure this Defendant's appearance in Court or the safety of the community.

Therefore Detention is Ordered.